# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-02298 PA (Ex) | Date | March 11, 2020 |
|---|---|---|---|
| Title | Morgan Picks Two, LLC v. Borrell et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Antonia Flores ("Removing Defendant") on March 10, 2020.  (Docket No. 1 ("Removal").)  Removing Defendant is seeking to remove an unlawful detainer action brought in Los Angeles County Superior Court by plaintiff Morgan Picks Two, LLC ("Plaintiff") against Removing Defendant and Juan Borrell.  (Id. at 2, 10.)  Removing Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States."  28 U.S.C. § 1443(1); see also Removal at 7 ("This Court has jurisdiction over this action pursuant [t]o 28 U.S.C. § 1443.  Civil rights removal differs from Federal Question or Diversity jurisdiction removal precisely because there is no requirement that the diversity jurisdiction be apparent or the federal question be presented on the fact of the complaint.").

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court.  28 U.S.C. § 1443.  Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act."  Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969).  Section 1443 provides, in pertinent part, that a "civil action[] . . . commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending . . . [if it is] [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-02298 PA (Ex) | Date | March 11, 2020 |
|----------|---------------------|------|----------------|

| Title | Morgan Picks Two, LLC v. Borrell et al. |
|-------|------------------------------------------|

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.; see also Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006).

Removing Defendant does not allege any well-pleaded facts that would support removal under § 1443, and therefore Removing Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel. Removing Defendant's Notice is filled with allegations concerning his displeasure with the Superior Court—that "the Superior Courts of Los Angeles, and of California generally, have systematically and with design enforced rules, laws, and evidentiary burdens in a manner which are improper, illegal, and oppressive to economically disadvantaged defendants, as well as discriminatory to residential home owners involved in a foreclosure and the consequential unlawful detainer action." (Removal at 5.) Removing Defendant also alleges "[t]he state court is influenced by material false facts in recorded documents which are used to mislead the court to take possession of the property from the homeowner" and "[t]he high level of conspiracy and fraud effect on the judicial system . . . entitles the defendant for federal protection of her civil rights and due process rights." (Id. at 3, 21.)

These allegations are insufficient as a matter of law. There are no proper allegations or any other indication that Removing Defendant has sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Removing Defendant's Notice of Removal satisfies his burden to show that any potential deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Removing Defendant's federal rights. See Patel, 446 F.3d at 998-99 (citation omitted). The Notice of Removal's allegations are therefore insufficient to establish the Court's jurisdiction under 28 U.S.C. § 1443.

For the foregoing reasons, Removing Defendant has failed to meet her burden of showing that removal pursuant to 28 U.S.C. § 1443 is available. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 19CMUD02215. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.